No. 2226.—A. N. DENOUVION, Tutrix, *v.* HODGSON & LYTLE et al.

An agreement by which the leased property has been taken back by the lessor and relet to another party for a portion of the time of the first lease, will discharge the surety of the first lessee, unless it be shown that he consented to the change.  5 R. 213.

APPEAL from the Sixth District Court, parish of Orleans. *Cooley,* J. *Cooley & Phillips,* for plaintiff and appellee. *A. Saucier,* for defendants and appellants.

TALIAFERRO, J. The plaintiff, by her agent, leased to Hodgson & Lytle the Delta Warehouse, with the lots around it, and the appurtenances, etc., for the term of one year, commencing on the first of June, 1868, and to end on the thirty-first of May, 1869, for the aggregate sum of $6800, at the rate of $500 per month for the first four months, and at the rate of $600 per month for each succeeding month. The lease was made by notarial act.

The plaintiff alleges that George W. Hynson, who is also sued with Hodgson & Lytle, bound himself as their sureties to the extent of $2000, and that this obligation as surety for the payment of the rent was entered into verbally by Hynson in presence of witnesses.

The parties plead separate answers, the substance of which is that the plaintiff, by taking back the leased premises and letting them to other parties, annulled the contract. The answer of Hynson denies having entered into any contract as with plaintiff as alleged, and if he did so contract, he was released by the act of plaintiff in taking possession of the property and leasing it to other parties without his consent. Judgment was rendered against Hodgson & Lytle, *in solido,* for $5450, with legal interest, etc., and against Hynson for $2000, with legal interest from first January, 1869. From this judgment Hynson alone appeals.

It is shown that about the first of December next ensuing the date of the lease, the lessees refused to keep the leased property longer, and that Hodgson tendered possession of it to the plaintiff's agent, offering him at the time the keys of the buildings. The agent, it seems, with some hesitation took the keys and handed them over to Knower, of the firm of Knower & Walden, to whom the agent afterward leased the property from and after the first of December, 1868. In taking the property back, the agent informed Hodgson that in doing so it was not his intention to release Hodgson & Lytle or Hynson from their obligations under the contract. Hynson, it is not shown, was a party to this arrangement. Neither does it appear that he knew anything about it, or ever consented to it.

Hynson places his defense upon this ground, and also that a promise to pay the debt of another can only be established by written evidence. It is held on the part of the plaintiff that a distinction is to be taken

between a promise to pay the debt of another and an obligation to become merely the surety of another. This question we do not feel ·called upon to decide, as we think by the laches of the plaintiff in not ·obtaining the consent of the party alleged to have been surety of the lessees to the new lease, he was thereby released. Articles 2675, 2676, ·2677, 2679 and 3030 of the Civil Code; 5 Rob. 213.

It is therefore ordered, adjudged and decreed that the judgment of the district court be annulled, avoided and reversed. It is further ·ordered that there be judgment for the defendant, the plaintiff and ·appellee paying costs in both courts.